SEALED

FILED
November 1, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: MR
Deputy

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Case No: SA:23-CR-00570-FB**

**UNITED STATES OF AMERICA**

**Plaintiff**

**v**



**(7) JAEKOB EDWARD CORTES,**

**Defendants**

**INDICTMENT**

**COUNT 1: 21 U.S.C. §846 Conspiracy to Possess with Intent to Distribute Five Hundred Grams of Methamphetamine**

**COUNT 2: 21 U.S.C. §846 Conspiracy to Possess with Intent to Distribute One Kilogram of Heroin**

**COUNT 3: 21 U.S.C. §841 Possession with Intent to Distribute Methamphetamine**

**COUNT 4: 21 U.S.C. §841 Possession with Intent to Distribute 500 Grams of Methamphetamine**

**COUNT 5: 21 U.S.C. §841 Possession with Intent to Distribute One Kilogram of Heroin**

**COUNTS 6 and 7: 18 U.S.C. § 924(c) Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**[21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)]**

Beginning in or around March 2021, the precise date unknown, and continuing until July 2021, the precise date unknown, in the Western District of Texas, Defendants





**(7) JAEKOB EDWARD CORTES,**

did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

**COUNT TWO**
**[21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)]**

Beginning in or around February 2021, the precise date unknown, and continuing until July 2021, the precise date unknown, in the Western District of Texas, Defendants



did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

**COUNT THREE**
**[21 U.S.C. §§ 841(a)(1) & (b)(1)(C)]**

That on or about July 7, 2021, in the Western District of Texas, Defendant



did knowingly, intentionally and unlawfully possess, with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT FOUR**
**[21 U.S.C. §§ 841(a)(1) & (b)(1)(A)]**

That on or about July 19, 2021, in the Western District of Texas, Defendant

[redacted]

did knowingly, intentionally and unlawfully possess, with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT FIVE**
**[21 U.S.C. §§ 841(a)(1) & (b)(1)(A)]**

That on or about July 19, 2021, in the Western District of Texas, Defendant

[redacted]

did knowingly, intentionally and unlawfully possess, with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT SIX**
**[18 U.S.C. § 924(c)]**

That on or about March 24, 2021, in the Western District of Texas, Defendant

[redacted]

did knowingly possess a firearm, to wit, two Draco semi-automatic pistols, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is, Conspiracy to Distribute Heroin, in violation of 21 United States Code Sections 846, 841(a)(1), and in violation of Title 18, United States Code, Section 924(c).

**COUNT SEVEN**
**[18 U.S.C. § 924(c)]**

That on or about July 7, 2021, in the Western District of Texas, Defendant

[redacted]

did knowingly possess a firearm, to wit, a SAR Arms B6P .40 caliber semi-automatic handgun and a Derya Arms VR-80 12-gauge shotgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Methamphetamine, in violation of 21 United States Code Sections 841(a)(1) and 841(b)(1)(C), and in violation of Title 18, United States Code, Section 924(c).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

**I.**
**Drug Violations and Forfeiture Statutes**
**[Title 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(A), subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]**

As a result of the criminal violations set forth in Counts One through Five, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

**Title 21 U.S.C. § 853. Criminal forfeitures**

**(a) Property subject to criminal forfeitures.**
Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--

**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

**II.**
**<u>Firearms Violations and Forfeiture Statutes</u>**
**[Title 18 U.S.C. § 924(c), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the criminal violations set forth in Counts Six and Seven, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924, as made applicable to criminal forfeiture by 28 U.S.C. § 2461. Section 924 states in pertinent part:

**Title 18 U.S.C. § 924. Penalties**

> **(d)(1)** Any firearm or ammunition involved in or used in any. . . knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

This Notice of Demand for Forfeiture includes, but is not limited to, the following properties:

1. SAR Arms SARB6P .40 caliber semi-automatic handgun; serial number: T110213G06595;
2. Derya Arms VR-80 12-gauge shotgun, serial number: R064354; and
3. Any and all firearms, ammunition, and/or firearm accessories involved in or used in the commission of the criminal offenses.

A TRUE BILL

[REDACTED]

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: ______________________________
FOR ERIC YUEN
Assistant United States Attorney